UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | CV 22-01440-VAP (DFM) | Date: | March 9, 2022 |
|---|---|---|---|
| Title | Miguel Angel Seda v. Danny Samuel | | |

| Present: The Honorable | Douglas F. McCormick, United States Magistrate Judge |
|---|---|
| Nancy Boehme | Not Present |
| Deputy Clerk | Court Reporter |
| Attorney(s) for Petitioner: | Attorney(s) for Respondent: |
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order to Show Cause

On February 22, 2022, Petitioner Miguel Angel Seda, a state prisoner proceeding pro se, constructively filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1 ("Petition"). Almost 20 years earlier, Petitioner was convicted by jury of three counts of first-degree residential burglary, one count of attempted second-degree burglary, and one count of assault with a deadly weapon. See id. at 2. As a third-strike offender, he was sentenced to a total term of imprisonment of 110 years to life. See id.

Petitioner asserts that the state courts violated his rights by imposing this sentence on a non-violent offender. See id. at 4-5. He alleges that he was never lawfully convicted "as a violent offender" under the Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), because the jury was never presented with a verdict form that would have allowed it to find a "person present" during the burglaries. Id. at 5. He also contends that because the California Attorney General has conceded Petitioner's "non-violent status," he is entitled to relief under California's Proposition 57. Id.

In 2016, California voters approved Proposition 57, which created a mechanism for parole consideration for prisoners convicted of nonviolent offenses. See Cal. Const. Art. I, Sec. 32(a)(1). New implementing regulations promulgated by the California Department of Corrections and Rehabilitation now provide that an "indeterminately-sentenced nonviolent offender . . . shall be eligible for a parole consideration hearing by the Board of Parole Hearings." 15 Cal. Code Regs. § 3496(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

This Court appears to lack jurisdiction to consider Petitioner's claim in this proceeding. First, the claim does not appear to be cognizable in a federal habeas corpus proceeding because it concerns solely the application of state law. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 222 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). The "application of Proposition 57 is exclusively a matter of state law," and therefore, Petitioner's claim based on it "is not cognizable under federal habeas review." Johnson v. Fed. Ct. Judges, No. 20-1134, 2020 WL 2114931, at *5 (C.D. Cal. Mar. 20, 2020); see also Alexander v. Gastelo, No. 18-788, 2019 WL 1104616, at *3 (C.D. Cal. Jan. 29, 2019) (holding that state-court denial of Proposition 57 relief did not raise a cognizable federal question), report and recommendation adopted, No. 2019 WL 1099980 (C.D. Cal. Mar. 8, 2019).

Second, Proposition 57 "merely provides that certain nonviolent offenders may be eligible for parole consideration at an accelerated date." Jordan v. Holbrook, No. 19-1883, 2020 WL 4336277, at *3 (C.D. Cal. Mar. 18, 2020), report and recommendation adopted, 2021 WL 4438793 (C.D. Cal. Sept. 28, 2021). It "does not require a prisoner's release." Id. Because success on this claim would not necessarily lead to a speedier release, the claim falls outside the core of habeas corpus and must be brought, if at all, not in a habeas petition but in a civil rights complaint under 42 U.S.C. § 1983. See Nettles v. Grounds, 830 F.3d 922, 934 (9th Cir. 2016) (en banc); Jordan, 2020 WL 4336277, at *3-4; Johnson, 2020 WL 2114931, at *6; Alexander, 2019 WL 1104616, at *2.

Before acting on its own initiative to summarily dismiss the Petition, the Court will afford Petitioner an opportunity to present his position on these issues that may determine the outcome of the case. See Day v. McDonough, 547 U.S. 198, 210 (2006). **Accordingly, Petitioner is ORDERED to show cause in writing within twenty-eight (28) days why the Petition should not be dismissed for lack of jurisdiction. Petitioner is expressly warned that failure to respond will likely result in dismissal.**