**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

MIGUEL ANGEL SEDA,

Petitioner,

v.

DANNY SAMUEL,

Respondent.

Case No. CV 22-01440-VAP (DFM)

Order Summarily Dismissing Petition for Lack of Jurisdiction

In February 2022, Petitioner Miguel Angel Seda, a state prisoner, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. See Dkt. 1. He alleges that he is a nonviolent offender who has been wrongly denied the early parole consideration required under California's Proposition 57. See id. at 4-5.

## I. BACKGROUND

In 2002, a Los Angeles County Superior Court jury convicted Petitioner of three counts of first-degree residential burglary, one count of attempted second-degree burglary, and one count of assault with a deadly weapon by force likely to produce great bodily injury on a peace officer. See id. at 2. The trial court sentenced Petitioner under California's Three Strikes Law to a total term of 110 years to life. See id.

In 2016, California voters passed Proposition 57, which amended the California Constitution to provide, "Any person convicted of a nonviolent

felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." Cal. Const. art. 1, § 32(a)(1). It defined the full term for a primary offense as "the longest term of imprisonment imposed by the court for any offense, excluding . . . an enhancement, consecutive sentence, or alternative sentence." Id. § 32(a)(1)(A). A nonviolent offender's parole eligibility date must therefore be calculated "as if the Three Strikes . . . alternative sentencing scheme had not existed at the time of . . . sentencing." In re Edwards, 26 Cal. App. 5th 1181, 1192 (2018).

Following the enactment of Proposition 57, Petitioner filed a state habeas petition in the California Court of Appeal; he argued that he was a nonviolent offender and that his sentence had not been reduced as he claimed was required by Proposition 57. See Petition at 4. However, the state petition was denied by both the California Court of Appeal and the California Supreme Court. See id. at 4-5. In February 2022, Petitioner filed the current Petition. See id. at 1. In March 2022, the assigned magistrate judge issued an order to show cause. See Dkt. 4 ("OSC"). The OSC gave Petitioner an opportunity to address the issue that claims concerning Proposition 57 appeared not cognizable on federal habeas review. See id. at 2. In April 2022, Petitioner filed a response. See Dkt. 5 ("Response").

## II. STANDARD OF REVIEW

This court may entertain a petition for a writ of habeas corpus on behalf of a person "in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Rule 4 of the Rules Governing Section 2254 Cases provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition."

## III. DISCUSSION

The Petition must be dismissed because Petitioner's claim is not cognizable in a federal petition for writ of habeas corpus. His filings do not reveal why state prison officials and courts decided that he was ineligible for parole consideration under Proposition 57. But even if the state officials reached that decision in error, the United States Supreme Court has repeatedly held that the federal writ of habeas corpus is unavailable for alleged error in the interpretation or application of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Wilson v. Corcoran, 562 U.S. 1, 5 (2010). It is also unavailable for alleged violations of a state constitution. See Hinman v. McCarthy, 676 F.2d 343, 349 (9th Cir. 1982). The district courts that have been presented with federal habeas claims based on Proposition 57 have concluded that they are not cognizable. See, e.g., Jordan v. Holbrook, No. 19-1883, 2020 WL 4336277, at *3 (C.D. Cal. Mar. 18, 2020); Johnson v. Fed. Ct. Judges, No. 20-1134, 2020 WL 2114931, at *5 (C.D. Cal. Mar. 20, 2020); Alexander v. Gastelo, No. 18-788, 2019 WL 1104616, at *3 (C.D. Cal. Jan. 29, 2019), report and recommendation adopted, 2019 WL 1099980 (C.D. Cal. Mar. 8, 2019). Petitioner has had an opportunity to address these decisions and does not argue that they are incorrectly decided or that the claims presented in those cases are distinguishable from his claim. See OSC at 2; Response at 2-3.

Although Petitioner contends that his 110-year total sentence violates his rights to due process and equal protection under the Fourteenth Amendment to the U.S. Constitution, see Response at 2, he may not "transform a state-law issue into a federal one merely by asserting a violation of due process," Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). He does not direct the Court to any federal decision construing a claim for erroneous denial of Proposition 57 relief as a cognizable Fourteenth Amendment claim, and the Court is not aware of any.

Petitioner's passing reference to ineffective assistance of trial counsel is unavailing. See Response at 2. Petitioner was convicted in 2002 and previously raised ineffective-assistance-of-counsel claims that were rejected by state courts in 2003 and 2009. See Petition at 2-4. Any properly exhausted habeas claim for ineffective assistance of trial counsel would long ago have been barred by the 1-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. 2244(d)(1).

Further, even if Petitioner had identified a violation of his federal rights, the Petition would still be subject to dismissal because any claim to enforce rights under Proposition 57 must be brought in a civil rights action under 42 U.S.C. § 1983, if it may be brought in federal court at all. Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation omitted). If a claim "does not lie at the core of habeas corpus, it may not be brought in habeas" but "if at all, under § 1983." Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (citation omitted); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("[H]abeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence."). Here, habeas jurisdiction is absent because success on Petitioner's claim would not necessarily shorten his sentence. He would still need to show himself suitable for parole under state regulations before he could be released from prison. See Jordan, 2020 WL 4336277, at *3 ("Proposition 57 . . . does not require a prisoner's release.").

A district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971). However, the Court does not find it appropriate to do so here. See Jordan, 2020 WL

4336277, at *5; Johnson, 2020 WL 2114931, at *6; Alexander, 2019 WL 1104616, at *3. The difficulty with construing a habeas petition as a civil rights complaint is that the forms used by most prisoners ask for different information and much of what is necessary for a civil rights complaint is not asked for on the form habeas petition. Examples of potential problems include different filing fees, potential omission of intended defendants, potential failure to link each defendant to the claims, and a potentially inadequate prayer for relief.[1]

## IV. CONCLUSION

The Petition is DISMISSED without prejudice for lack of jurisdiction. A certificate of appealability will not issue because there has not been a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Date: July 28, 2022

VIRGINIA A. PHILLIPS
United States District Judge

Presented by:

DOUGLAS F. MCCORMICK
United States Magistrate Judge

[1] The Court has not determined that Petitioner's claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The Court only decides that a habeas petition is the wrong vehicle for Petitioner to vindicate any federal rights that may or may not exist in the proper application of Proposition 57.